# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SIMON DESIGN ENGINEERING LLC,

       Plaintiff,    Case No. 2:08-cv-01291-RLH-PAL

vs.              **ORDER**

W & W STEEL LLC,      (Mot. Compel Prod. Docs. - Dkt. #110)

       Defendants.

  The court conducted a hearing on W&W Steel LLC's Emergency Motion to Compel Production of Documents (Dkt. #110) on July 15, 2010 at 10:30 a.m. Leland E. Backus appeared on behalf of the Plaintiff and Joseph P. Hardy appeared on behalf of the Defendant. The court has considered the emergency motion and the arguments of counsel. At a July 9, 2010 hearing, counsel for Plaintiff indicated a draft response was being prepared. Plaintiff's counsel was given until July 14, 2010 to file a response, but did not do so.

  At a hearing conducted July 9, 2010 the court heard arguments on the parties' Motion to Compel (Dkt. #87), and Countermotion to Compel (Dkt. #91). The court also heard preliminary representations concerning Defendant's Emergency Motion (Dkt. #110). The matter was set for a hearing on an expedited basis because the discovery requested impacted depositions of Messrs. Simon and Weiner scheduled for July 12th and 13th, and expert depositions scheduled between July 19th and July 31st 2010. During the July 9, 2010 hearing, counsel for W&W indicated that he had received flash drives with documents responsive to W&W's Second Request for Production of Documents, but had not yet had an opportunity to review them. Counsel for Plaintiff was not aware whether his client had produced all responsive documents relevant to the Second, Third and Fourth Requests for Production of Documents addressed in the Emergency Motion to Compel, and was directed to investigate. The court

advised the parties that if the Plaintiff had not produced responsive documents which were significant or material to examining Messrs. Weiner and Simon, the court would permit a second deposition at Plaintiff's expense.

At the July 15, 2010 hearing, counsel for W&W represented that W&W received three flash drives of documents responsive to the Second Request for Production of Documents, which counsel have not yet been able to completely review. However, he received confirmation from counsel for Simon in an e-mail that the documents on these three flash drives are all of the responsive documents Plaintiff has. With respect to the Third Request for Production of Documents, counsel for W&W received a series of four e-mails the day before the hearing containing .pfd attachments. The documents have been printed in hard copy and consist of approximately five inches of materials which counsel has also not yet had an opportunity to review. These materials were not received in time to review them for the depositions of Messrs. Simon and Weiner. A preliminary review of the documents responsive to the Third Request for Production of Documents indicates that some are missing attachments. In some cases, counsel for W&W believe that this is not a problem because W&W already has the attachments. However, there are some attachments which it does not have. The documents were not bate-stamped.

Additionally, counsel for W&W raised concerns with respect to opinions rendered by Messrs. Simon and Weiner at their depositions. Plaintiff's expert disclosures, served May 18, 2010, identified both Mssrs. Simon and Weiner as testifying experts who would provide opinions specified in paragraphs 9(a) through (h), and would support Plaintiff's damage calculation which was attached as Exhibit "9A" to the expert disclosure. However, during their depositions, both testified that the initial expert disclosure was prepared by counsel, and Messrs. Simon and Weiner could not provide support for the majority of the expert opinions attributed to them in the initial disclosures.

With respect to the Fourth Request for Production of Documents, W&W had not received the prior drafts of the expert opinions outlined in the initial disclosures and specifically 9(a) through (h), and Exhibit "9A". Messrs. Simon and Weiner indicated the initial disclosures and prior drafts were prepared by counsel, Mr. Lowenstein. Counsel for W&W therefore requested that the court enter an order granting its Motion to Compel and awarding reasonable costs and attorneys fees as a sanction for the necessity of filing the motion.

Counsel for the Plaintiff indicated that he believed that the parties' discovery disputes arising out of the Emergency Motion to Compel had been effectively resolved and that the hearing could be vacated. However, he learned late in the evening the night before the hearing that Defendant still intended to proceed. With respect to documents responsive to the Second Request for Production at issue in the Emergency Motion, he believed all responsive documents had been produced. With respect to documents responsive to Defendant's Third Request for Production, Plaintiff initially took the position that the materials requested with respect to retained experts were not in Plaintiff's care, custody or control. However, after the motion was filed, Plaintiff elected to provide the materials to avoid a future dispute. He also acknowledged that there may be some attachments that Plaintiff still needs to find and produce, and that Plaintiff is committed to doing so promptly.

With respect to documents responsive to the Fourth Request for Production of Documents concerning the opinions of Messrs. Simon and Weiner, counsel for Simon conceded that the initial disclosures were drafted by counsel. Mr. Backus spoke with Mr. Lowenstein concerning prior drafts of the initial disclosures concerning the opinions expressed in Paragraph 9(a) through (h), and Exhibit "9A", and understands that there could be a few e-mails that address these disclosures which were responsive to the Plaintiff's Request for Production. The e-mails will be pulled and produced promptly.

Having reviewed and considered the matter, the court finds Plaintiff's objections to the requests in the Second Request for Production of Documents assert boiler-plate objections which are insufficient to meet its burden of establishing that the requests in dispute are objectionable. Simon objected and responded to each of the requests in dispute as follows:

> Simon Design objects to the request as it is overly broad and unduly burdensome, seeks documents that are not reasonably calculated to lead to the discovery of admissible information, and requests material subject to the attorney having client and work product privileges. Without waiving these objections, Simon Design will make available all properly discoverable, responsive, non-privileged documents at a mutually agreeable time and place for review or copying at your cost.

Defendant is entitled to know whether Simon has conducted a diligent search of its records and produced all responsive documents, or whether Simon has withheld documents on the basis of privilege, and if so, the privilege asserted. Defendant is also entitled to know whether Simon has withheld documents it does not regard as "properly discoverable." Additionally, although Simon has

now produced additional documents responsive to the Second, Third and Fourth Requests for Production of Documents, it did so only after two motions to compel were filed, and on the eve of critical depositions.

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure applies. It provides that if a motion to compel is granted, or discovery is provided after a motion to compel is filed, "[t]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Reasonable costs and attorney's fees are mandatory unless the court finds that the moving party did not make good faith efforts to avoid the dispute without court action, or the opposing parties' non-disclosure response or objection was substantially justified, or other circumstances make an award of expenses unjust. The court finds W&W Steel made good faith efforts to resolve these discovery disputes without court intervention and that Simon Design's non-disclosure, responses and objections are not substantially justified. The court will give Simon an opportunity to make a showing that other circumstances make an award of expenses unjust.

**IT IS ORDERED** that:

1. W&W Steel's Emergency Motion to Compel Production of Documents (Dkt. #110) is **GRANTED**.

2. Plaintiff's objections are stricken and Simon is compelled to produce documents responsive to Defendant's Second Request for Production No.s 1, 4, 5, 8, 10, 11, 12, and 13 without objection. The court will allow Simon to assert attorney/client and work product privilege with respect to any responsive documents withheld **provided** a privileged document log fully compliant with the requirements of Rule 26(b)(5) is served no later than **July 30, 2010.**

3. Plaintiff will be precluded from offering any documents or testimony about the substance of any documents responsive to the Second Request for Production of Document No.s 1, 4, 5, 8, 10, 11, 12 and 13 which have not been produced.

4. With respect to the Third Request for Production of Documents, Simon shall forthwith produce the attachments missing from its supplemental production served after the

        Emergency Motion to Compel was filed.

5. With respect to the Fourth Request for Production of Documents, Simon shall forthwith supplement the responses with Mr. Lowenstein's e-mails and draft reports for the opinions attributed to Messrs. Simon and Weiner identified in Plaintiff's initial disclosures contained in Paragraphs 9(a) through (h), and Exhibit "9A".

6. Messrs. Simon and Weiner will be precluded from testifying concerning any opinions contained in Paragraphs 9(a) through (h), and Exhibit "9A", which they were unable to support at the time of their deposition.

7. Defendant's request for sanctions in the form of reasonable costs and attorneys fees incurred for the necessity of filing the motion is **conditionally GRANTED,** subject to the requirements of Paragraphs 8 and 9 below.

8. Counsel for Defendant shall have until **July 30, 2010** in which to submit a memorandum of costs and attorney's fees. The motion shall be supported by the affidavit of counsel and shall contain an itemization of all costs and fees sought as a sanction. The memorandum and affidavit shall briefly summarize: (a) the billings for costs and fees incurred in filing the motion and attending the July 15, 2010 hearing; (b) the customary fee of the lawyer/lawyers and/or support staff performing the services; (c) the experience, reputation and the ability of the attorneys and support staff providing these services; and (d) the reasonableness of the costs and fees incurred. The memoradum shall be supported by the affidavit of an attorney responsible for the billings in the case authenticating the information contained in the motion, and confirming that the bill has been reviewed and edited and that the fees and costs charged are reasonable.

///
///
///
///
///
///

9. Counsel for Plaintiff shall have until **August 15, 2010** to file a memorandum and response challenging the reasonableness of the costs and fees sought and outlining any other circumstances that would make award of expenses unjust.

Dated this 16th day of July, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE